Argued February 16, affirmed February 28, 1928.

# COMMERCIAL STATE BANK *v.* BENJ. J. EILERS.

### (264 Pac. 452.)

**Corporations—Where Evidence Established That Note Sued on was for Subscription to Stock, Evidence Did not Raise Issue of Failure of Consideration Because Certificate was not Delivered.**

1. In action on promissory note in which defendant pleaded that note was given for purchase of stock and that stock had never been delivered to him, where evidence of defendant established that note was given for subscription to stock, there was no issue of failure of consideration to submit to jury, since under such evidence defendant was stockholder without delivery of certificate.

**Corporations—It was not Incumbent on Plaintiff, as Condition Precedent to Commencing Action, on Note for Subscription to Stock, to Tender Stock Certificate to Defendant.**

2. It was not incumbent on plaintiff, as condition precedent to commencement of action, on promissory note given for subscription to stock, to tender stock certificate to defendant, since he was to all intents and purposes a stockholder as much as if certificate had been delivered to him because certificate is merely evidence of his ownership of stock.

**Corporations—Where Stock Subscription Agreement Provides for Delivery of Stock, Compliance Therewith is Essential to Recovery of Price.**

3. If stock subscription agreement provides for issuance and delivery of stock, compliance therewith is essential to recovery of price stipulated to be paid.

**New Trial—Where Case was Submitted to Jury Without Regard to Legal Principles Applicable Under Evidence, Court Properly Ordered New Trial.**

4. In action on promissory note, which defendant pleaded was given for purchase of stock, but which evidence showed was for subscription to stock, where case was submitted to jury on theory that there was failure of consideration because stock was not delivered, without regard to legal principles applying where note is given for subscription to stock, court properly set aside judgment and ordered new trial.

1. See 7 R. C. L. 298.
2. See 7 R. C. L. 212.

Evidence—Presumption is, Where Note is Made Payable to Corporation and is Indorsed by Person Signing as Officer, Indorsement is Corporate Act.

5. Presumption is that, where note is made payable to a corporation and is indorsed by person signing as officer of corporation, indorsement is corporate act.

---

Corporations, 14 C. J., p. 478, n. 44, p. 481, n. 87, p. 508, n. 38, p. 550, n. 53 New; 14a C. J., p. 735, n. 4 New.

From Marion: PERCY R. KELLY, Judge.

Department 2.

'AFFIRMED.

For appellant there was a brief over the names of *Mr. V. D. Bradeson* and *Mr. W. C. Winslow*, with an oral argument by *Mr. W. W. McKinney*.

For respondent there was a brief and oral argument by *Mr. John Bayne*.

BELT, J.—This is an action upon a promissory note. The plaintiff alleges it acquired the note before maturity for a valuable consideration and that it is the owner and holder thereof. Defendant admits the execution of the note, but alleges affirmatively that it was given to the Waterloo Creamery Company in consideration that it "would transfer and deliver to the defendant six shares of stock of the Waterloo Creamery Company." Defendant also alleges that such stock was never transferred or delivered to him. Finally it is averred "that the plaintiff corporation at the time it purchased said note knew that the transfer and delivery of said shares of stock was the only consideration for the promissory note set out in plaintiff's complaint and said plaintiff corporation knew that such shares of stock were never transferred or delivered to the defendant herein." The

allegations of the further and second answer were denied in the reply.

On the issues thus stated the cause was submitted to a jury and a verdict had for the defendant. Judgment was entered accordingly. On motion of plaintiff the trial court set aside the judgment and granted a new trial. Defendant appeals.

Was the court right in granting a new trial? Did it commit error in the trial which would have resulted in reversal on appeal? It is the theory of the defendant that there was a failure of consideration for the note in that it was given for the purchase of six shares of stock in the Waterloo Creamery Company and that such stock had never been delivered to him. It is observed that it is not alleged that the note was given for the purchase of stock in the corporation but only for the transfer and delivery of such stock. The answer, like the complaint, is, indeed, not a model pleading.

The defendant, in reference to the execution of the note, testified on direct examination as follows:

"Q. What was that note given for?  A. Given for stock.

"Q. What in?  A. The Waterloo Creamery Company.

"Q. What was the Waterloo Creamery Company? A. It was supposed to be—well, it was organized under the form of a co-operative milk factory. * *

"Q. What was the stock being sold for?  A. To enlarge."

The record discloses on cross-examination:

"Q. And you executed this note in question on the agreement of the Waterloo Creamery Company to deliver six shares of stock?  A. Yes.

"Q. You subscribed for that many shares of stock, did you?  A. Yes.

"Q. The Waterloo Creamery Company was a going concern at that time? Was it? A. Yes.

"Q. Did you ever go to the Waterloo Creamery Company and ask for the stock? A. No.

"Q. You never made any demand upon the Waterloo Creamery Company? A. No."

1, 2. We are of opinion that, under the record, there was no issue of failure of consideration to submit to the jury. Giving to the answer a most liberal construction and assuming that it was the intention to plead a purchase of stock, the evidence of the defendant establishes that the note was given for subscription to stock. If our conclusion in this respect is sound, it was not incumbent upon the plaintiff, as a condition precedent to the commencement of an action on the note, to tender the stock certificate to the defendant. He was to all intents and purposes a stockholder,—as much so as if the certificate for the stock had been delivered to him. The certificate is merely evidence of his ownership of the stocks: Fletcher, Cyclopedia Corporations, § 3427.

3. The distinction between a contract for purchase of stock and one for subscription is well recognized: 14 C. J. 508; 7 R. C. L. 222. See, also, cases collated in extensive notes in L. R. A. 1915A, 465, and in 93 Am. St. Rep. 352. It is also recognized by our court in *The Astoria & S. C. R. Co.* v. *Hill,* 20 Or. 177 (25 Pac. 379). Of course, if the stock subscription agreement provided for the issuance and delivery of the stock, a compliance therewith would be essential to a recovery of the price stipulated to be paid. In the instant case the defendant, by his own testimony, comes within the rule applicable to a subscriber and not a purchaser.

4. The record is very meager as to the facts and circumstances surrounding the execution of this note. We can base our conclusion only on what it discloses. It is apparent that the case was submitted to the jury without regard to the legal principles to which we have directed attention. The trial court did not err in setting aside the judgment and ordering a new trial.

5. It was also error to exclude the indorsement on the note. Objection was made to the indorsement for the reason that it did not appear that it was the corporate act of the Waterloo Creamery Company. This contention is untenable. It is said in *Page* v. *Ford,* 65 Or. 450 (131 Pac. 1013, Ann. Cas. 1915A, 1048, 45 L. R. A. (N. S.) 247):

" * * the presumption is that, where a note is made payable to a corporation and is indorsed by a person signing as an officer of the corporation, the indorsement is a corporate act."

We believe that, in the interests of justice, both parties should be permitted to file amended pleadings.

The order of the court granting a new trial is affirmed.                                   AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.